IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No.  PX-19-0158 |
| | * | |
| OWEN NESMITH, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO EXCLUDE WITNESSES**

The Defendant's motion in limine to exclude witnesses from next week's contested sentencing hearing is without merit. First, the request would violate the principals of sentencing hearings by restricting the universe of information available to the Court. The law is clear that the Court should have a full record in front of it before imposing a sentence in this case. Second, contrary to the Defendant's claim, information about the Defendant's past sexual assaults of inmates is relevant to facts at issue at sentencing, and neither the Crime Victim Rights Act nor Fed. R. Evid. 403 bar its admission. As a result, the Court should deny the Defendant's motion to exclude any witness testimony at the September 11th and 12th contested sentencing hearings.

**I.     The Court is Entitled to Hear Evidence of the Entirety of the Defendant's Conduct Prior to Imposing a Sentence**

Decades ago, the Supreme Court recognized the special character of criminal sentencing proceedings:

> Highly relevant—if not essential—to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigorous adherence to restrictive rules of evidence properly applicable to the trial.

*Williams v. State of New York*, 337 U.S. 241, 247 (1949) (Black, J.). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996). "Underlying this tradition is the principle that 'the punishment should fit the offender and not merely the crime.' " *Id.* at 487-88 (quoting *Williams*, 337 U.S., at 247); *see also Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55 (1937) ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender").

"Consistent with this principle, we have observed that 'both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law.' " *Id.* at 488 (quoting *Williams*, 337 U.S., at 246). "Permitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.' " *Id.* at 488 (quoting *Wasman v. United States*, 468 U.S. 559, 564 (1984)).

This rule has been codified for sentencing proceedings in the federal criminal courts by 18 U.S.C. § 3661, which provides that:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

This statute renders the Defendant's motion moot.

The Government intends to call Victims 1-5, 7, and a former Maryland Correctional Institution – Jessup ("MCIJ") teacher at the contested sentencing hearing next week.[1] Each of these witnesses has been given a choice and will be testifying voluntarily, not pursuant to a subpoena. Each of these witnesses has important testimony for the Court to consider, and the Court is entitled to hear it. In Attachment A-1, the agreed upon Statement of Facts to his plea agreement, the Defendant admits,

> On or about October 12, 2018, NESMITH was interviewed by investigators with the Federal Bureau of Investigation ("FBI"). During the interview, NESMITH falsely claimed that he had never had any inappropriate relationships or contact with any inmates while he was at MCIJ.

However, in Attachment A-2, it states:

> The parties agree that the following facts are contested by the Defendant, and this Office will seek to prove them at a sentencing hearing.
>
> …
>
> This Office contends that, in addition to Victims 1, 2, and 3, NESMITH also engaged in sexual contact with at least Victims 4, 5, 6, 7, and 8, all while they were inmates at MCIJ.

ECF 761-1. The evidence of testimony from victims 4, 5, 6, 7, and 8 is undoubtedly relevant to this hearing. It demonstrates the extent to which the Defendant lied when he spoke to investigators.

---

[1] We do not plan to call either Victim Number 6, or Victim Number 8. We still intend to submit their grand jury testimony, reports of interview, or other items to the Court for the purpose of the Court's review in sentencing the Defendant, for the reasons stated above. The Confrontation Clause does not apply to sentencing proceedings. *Williams v. New York*, 337 U.S. at 250; *United States v. Francis*, 39 F.3d 803, 810 (7th Cir. 1994) ("the pre-Guidelines policy of allowing sentencing courts to obtain all relevant sentencing information without the strictures of the right of confrontation remains intact"); *United States v. Silverman*, 976 F.2d 1502, 1510 (6th Cir. 1992).); *see also United States v. Zuleta-Alvarez*, 922 F.2d 33, 36 (1st Cir. 1990) (grand jury testimony is presumptively reliable for sentencing purposes); *United States v. Terry*, 916 F.2d 157, 160-61 (4th Cir. 1990) ("The trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain."); *United States v. Roberts*, 881 F.2d 95, 105 (4th Cir. 1989) ("Hearsay evidence has long been allowed in sentencing proceedings . . . ."). However, the fact that the Government can proceed by proffer or a submission of grand jury testimony does not mean that the Government *must* proceed in this fashion, particularly in a situation such as this where victims are testifying voluntarily.

There were at least eight different individuals, one of whom will testify as to interactions over a two-year period with the Defendant. The Government is entitled to demonstrate that the gravity of the Defendant's lie extended beyond just the victims of Counts 1, 2, and 3 of the Superseding Indictment to which he pleaded guilty. The Government, through this hearing, will merely prove facts for which the Defendant has not already admitted, and will be doing so in a way that would be most informative to the Court: in person testimony.

The Defendant has also taken the position that the applicable Guideline for his conduct is not Criminal Sexual Abuse, United States Sentencing Guidelines (U.S.S.G.) § 2A3.1, but rather Criminal Sexual Abuse of Ward, U.S.S.G. § 2A3.3, which carries a significantly lower offense level. The Government submits that testimony from additional incarcerated individuals with whom the Defendant engaged in sexual acts while serving as a Correctional Officer will assist the Court in making the determination of which Guideline to apply. Specifically, this will allow the Court to see that these sexual interactions are not consensual relationships that just happen to take place in the prison environment, but rather sexual assault of various incarcerated people.

Moreover, the Guidelines, just like case law and statutory law, do not justify exclusion of these witnesses. U.S.S.G. § 1B.1.4 states:

> In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. *See* 18 U.S.C. § 3661.

The commentary to the Guidelines further elaborates on the point that evidence at sentencing is not limited to just those Guideline factors in dispute. The commentary gives an example relevant to this motion, only in the context of a robbery prosecution:

> A court is not precluded from considering information that the guidelines do not take into account in determining a sentence within the guideline range or

4

>from considering that information in determining whether and to what extent to depart from the guidelines. For example, if the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into account by the guidelines would provide a reason for sentencing at the top of the guideline range and may provide a reason for an upward departure.

Commentary to U.S.S.G. § 1B1.4.

If the Court, in its broad discretion, chooses to credit the prior statements and/or grand jury testimony of these witnesses in place of their in-person testimony, then the Government can defer to the Court's wisdom and proceed based on those statements. Likewise, if the Defendant chooses to admit that he did in fact engage in sexual contact with each of these individuals, then this may somewhat obviate the need for them to be called to testify. However, in the absence of such an omission, the rules do not allow for the type of remedy the Defendant requests of the Court. Rather, the rules stand for the opposite proposition: that no bar should be placed on the admission of this testimony.

## II. The Defendant's Reliance on The Crime Victim Rights Act as to Victims 4-8 Is Misplaced

Crime Victims are protected and afforded several rights by law as codified in 18 U.S.C. § 3771, referred to as the "Crime Victims Right Act" or "CRVA". A centerpiece of the CRVA is the indefeasible right of a victim to be heard at sentencing, a right akin to the defendant's own right of allocution. (*United States v. Moussaoui*, 483 F.3d 220, 234 (4th Cir. 2007) (Congress enacted the CVRA in order to "protect victims and guarantee them some involvement in the criminal justice process.").

The CRVA does not provide protection to the Defendant here though. The CVRA is a rule of inclusion, not of exclusion. Its purpose is not to silence individuals with relevant evidence for the Court to consider at sentencing—rather it is a law designed to hear that victims' voices are

5

heard. The Defendant's attempt to use it in this fashion goes against the purpose and text of the rule. In addition, the CVRA itself *requires* the Court to allow—at a minimum—Victims 1, 2, and 3 to be present and opportunity to be heard at this sentencing hearing, and any other public hearing in the district court involving release, plea, or sentencing. *See* 18 U.S.C. § 3771(4).

Contrary to the Defendant's position, nothing in the CVRA restricts the sentencing court's broad discretion to consider various forms of evidence in connection with sentencing. *See United States v. Straw*, 616 F.3d 737, 741 (8th Cir. 2010) ("Even though 18 U.S.C. § 3771(a) grants a crime victim the right to be heard at public proceedings, the statute does not operate to exclude others from being heard at such proceedings."); *see also United States v. Poole*, 241 F. App'x 153, 155 (4th Cir. 2007) (*per curiam*); *United States v. Leach*, 206 F. App'x 432, 435 (6th Cir. 2006).

The Fourth Circuit just recently encountered a similar claim to that made by the Defendant here. *See United States v. Brown*, No. 22-4449, 2023 WL 1267185, at *1 (4th Cir. Jan. 31, 2023). There, the Defendant appealed his sentencing on a revocation of supervised release, arguing that the district court erred in considering statements from a victim's friends and family—particularly, her mother's unsworn oral statement—because those individuals did not qualify as "crime victims" for purposes of the CVRA. *Id.* at *1. Without deciding whether the victim's family and friends were crime victims, the Fourth Circuit held that a federal district judge "has wide discretion when imposing sentence and, subject to due process constraints, may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Id.* at *2. (internal quotation marks omitted.) "Although the CVRA requires district courts to allow certain individuals to be heard in criminal proceedings, it does not prohibit individuals from being heard or otherwise limit a judge's discretion to consider relevant material at sentencing." *Id.* at *2. The statements made by [the victim's] family and friends were

6

relevant to the nature, circumstances, and seriousness of Brown's violation conduct, as well as the magnitude of his breach of trust in violating the terms of his release." *Ibid*. (*internal citations omitted*.) Supporting the Fourth Circuit's decision, and cited by the Court in *Brown,* is 18 U.S.C. § 3661, which again places no limits on the information concerning the defendant's background, character and conduct which a court may receive in imposing an appropriate sentence.

Thus, based on the above precedent, the Court, in its discretion, can make its own determination of whether Victims 4 through 8 are victims for the purposes of the CVRA, but for the reasons stated above, that determination should have no bearing on whether those witnesses should be allowed to testify at this hearing and the Court can consider statements from Victims 4-8.

### III.     Victim 2 is Undoubtably a Victim Under 18 U.S.C. § 3771

The Defendant claims that, because there are no contested facts in the plea agreement referencing Victim 2, that Victim 2's testimony should be excluded from the sentencing hearing. This would undoubtedly be a violation of Victim 2's rights under the CVRA. The CVRA specifically states that "In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)." Subsection (a) grants guarantees victims "a right to be reasonably heard at any public hearing in the district court involving release, plea, [or] sentencing." 18 U.S.C. 3771(a)(4). Given that this is a public hearing for sentencing, Victims 1, 2, and 3 all have a right to be present and reasonably heard.

## IV. Rule 403 Is Inapplicable to This Proceedings

Finally, the Defendant claims that this evidence should be excluded on Federal Rule of Evidence 403 because the evidence is more prejudicial than probative. Beyond the fact that testimony from the Defendant's victims is highly relevant to the Court in imposing sentence in this case, the Defendant is wrong as a matter of law on the applicability of Rule 403.

Federal Rule of Evidence 403 does not apply to sentencing hearings. Federal Rule of Evidence 1101 states as follows: "These rules—except those on privilege—do not apply to the following: …miscellaneous proceedings such as…sentencing." As a result, a sentencing judge may consider information that the rules of evidence would exclude. *See Williams v. New York*, 337 U.S. at 246-51; Fed R. Evid. 1101(d)(3).

Even if Rule 403 did apply, witness testimony from the Defendant's victims is highly probative to the Court's determination of an appropriate sentencing for the Defendant. Of course, this is not a trial or other hearing in front of the jury. This hearing is in front of an experienced United States District Judge, not a lay person who may possibly be swayed by emotionalism or irrationality. *See United States v. Greenwood*, 796 F.2d 49, 53 (4th Cir. 1986) ("The prejudice which the rule is designed to guard against is jury emotionalism or irrationality."). Regardless, the Defendant's appeal to this rule is inapposite.

**V.     Conclusion**

For the reasons set forth above, the Court should deny the Defendant's motion to exclude witness testimony at the September 11th and 12th contested sentencing hearing.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:     /s/_____
Sean R. Delaney
Katelyn Semales
Assistant United States Attorneys
36 S. Charles St., Fourth Floor
Baltimore, Maryland 21201